### SAMUEL DAUCHY et al. vs. LYMAN ALLEN.

Where a cause is noticed for hearing before a referee, and afterwards countermanded, this court will direct the Plaintiff to pay such of the Defendant's costs of preparing for trial as had accrued before notice of countermand.

And where the Plaintiff notices a cause for hearing before a referee, and does not appear at the time and place appointed for hearing, the referee being absent, also by his direction the Plaintiff will be charged with the Defendant's costs of preparation and attendance.

*Albany Special Term, February,* 1848. The issue joined in this cause was referred for trial to Hiram P. Hunt, Esq., of Troy, as sole re-

feree. The Plaintiffs' attorney resided at Troy, and the Defendant's attorney at Whitehall, Washington county, about seventy miles distant.

The cause was duly noticed for hearing before the referee at Troy, for 16th of December, 1847, at 10 A. M. The Defendant's attorneys issued subpœnas which were served, and employed counsel at Troy, to try the cause. On the 15th of December, Defendant's attorney received a notice of countermand, mailed at Troy on the 14th of December, in which the Plaintiffs' attorney stated that he could not bring on the hearing on the 16th, in consequence of some professional business in an adjoining county. The countermand did not arrive at Whitehall till after one of the witnesses subpœnaed had left there to attend the trial. The counsel for Defendant and two witnesses for Defendant, attended at the time and place appointed for the hearing. Neither the Plaintiff nor his cousel appeared. In consequence of the countermand, the referee did not attend. The Defendant moved for a rule requiring the Plaintiff to pay the costs of attending, &c., pursuant to the notice of hearing.

E. PEARSON, *for Plff.*

WM. C. McHARG, *for Deft.*

PARKER, Justice.—It is clearly equitable that the Plaintiffs should pay the costs to which the Defendant was subjected, in consequence of the hearing being noticed for the 16th of December. I do not find that the question here presented has been expressly decided; but there are analogous cases reported, which, I think, recognize fully the principle.

In *Butler* v. *Kelsey*, (14 John. 342,) a default was entered for want of a plea in an action for slander. The Plaintiff gave notice of executing a writ of inquiry of damages, before the sheriff, and the Defendant attended at the time and place appointed, pursuant to notice, with his witnesses. The Plaintiff did not appear, and after Defendant waited a considerable time, he was told by the sheriff that the writ could not be executed. The Defendant's counsel moved the Supreme Court, that the Plaintiff pay the Defendant's costs of attending before the sheriff, pursuant to the notice, and the costs of the motion, and after argument, such a rule was granted.

Where a feigned issue was awarded from chancery, if the Plaintiff failed to proceed to trial at the circuit, pursuant to notice given by him for that purpose, the Court of Chancery, on motion, gave costs to the Defendant. (Anon., 2 P. Wm.'s, 68; *Doe* v. *Roe*, 5 Hill, 376.)

If the Plaintiff fails to bring his cause to trial at the circuit pursuant

to notice, the remedy is by motion for judgment as in case of non-suit, and the Plaintiff is relieved, on a proper case shown, by paying the costs of the circuit and of the motion, and stipulating to try at the next circuit; and it was held in *Petit* v. *Hewlitt*, 2 Howard's S. T. Rep. 157, that a motion for costs in such a case was irregular.

There are, however, several cases reported, in which costs at the circuit have been ordered to be paid on motion.

In *Mix* v. *Brisbane*, 2 Wend. 286, the cause was called on the first day of the circuit, and the trial put off for the day on the application of the Defendant. In consequence of the illness of the judge next day, the cause was not tried at that circuit. The Supreme Court, on motion, ordered Defendant to pay the costs of the day.

In *Hart* v. *Wood*, 6 Wend. 558, one of several Defendants moved for costs of the circuit, the Plaintiff having neglected to bring the cause to trial, pursuant to notice, and the motion was granted. Sutherland, Justice, said, " he cannot move for judgment as in case of non-suit, there being other Defendants; but it is right that he should have his costs of attending at the circuit."

The same reasoning applies to this question we are now considering. Where a cause is referred, the Defendant cannot move for judgment as in case of non-suit, till the expiration of forty days after he shall have served on the Plaintiff a notice, requiring him to bring the cause to a hearing. (Rule 43.) Such a remedy, therefore, can afford no relief in a case like this, and unless there be a remedy by motion for costs, the Plaintiff may harass the Defendant at pleasure during the forty days, by noticing and neglecting to try his cause.

The statute provides that "whenever a cause may be noticed for trial, and such notice shall be contermanded, the Defendant shall be entitled to all the costs actually incurred by him previous to the service of such countermand." (2 R. S. 514, § 37.)

Under this section, applications have frequently been made for a rule directing the payment of costs. (*Jennings* v. *Holbert*, 1 Howard's S. T. R. 66; Anon. 7 Hill, 168.) I see no reason why that statutory provision is not as applicable to a cause pending before referees, as to a cause noticed for trial at the circuit.

But if there had been in this case no countermand, it would, in my opinion, be equally obligatory upon this court to see that the Defendant should not be put to such expense without remedy. It was entirely the fault of the Plaintiff that the cause was not tried, and he alone could

select the time and place for trial. It is manifestly right that he should pay all the costs to which he has subjected the Defendant, including costs of preparation, as well as costs of attendance.

The motion is, therefore, granted, but the practice having been hitherto unsettled, no costs of this motion are allowed.